Feeeman, J.,
delivered the opinion of the court:
The only question to he settled in this case is as to the priority of certain creditors under various liens of attachments and executions. It is claimed hy most of the creditors that they are partnership creditors of the former firm of L. D. Mitchell & Co., consisting of L. D. Mitchell and C. A. Mitchell, and as such have a lien or priority of right growing out of this fact. In the amended bill of the bank it is charged that “L. D. Mitchell and C. A. Mitchell had some time before made some kind of an arrangement, or come to some underestanding between themselves, to dissolve the partnership; but they insist that the stock of drugs are firm assets, and any arrangement between the partners to dissolve the partnership did not, in any manner, affect their rights.”
The answer of John "Williams, one of the defendants to this bill, states as a reason for his taking a note from L. D. Mitchell, individually, as indemnity for a liability as stayor to a debt that had been originally a firm debt, that *60 a notice of the dissolution of the firm had been published some time before the commencement of this suit, by 'which O. A. Mitchell had retired from the firm, and by the stipulation of the dissolution, he was informed and believed L. D. Mitchell assumed the settlement of the partnership debts. L. D. Mitchell says in his answer, that as surviving partner of the firm, by which he means that as the partner who continued the business after dissolution, he -is liable for the partnership debts, as he stipulated to pay them, the firm having been dissolved some time before the execution of the note to- Williams.
In the deposition of L. D. Mitchell, taken in the case, he swears that the firm was dissolved about the first of May, 1870, publication of the fact made in the Press and Herald, and that he succeeded to the business of said firm, and assumed the liabilities of the firm.
The question is, on these facts, have the firm creditors any lien, as such, on the assets of the firm, that gives them priority, as such, over individual creditors of L. D. Mitchell, the continuing partner? It is settled in this state that partnership creditors, as such, have no lien before levy of execution, or other process, on the joint effects; their equity, in the language of Judge Eeese, in the case of Smith v. Edwards et al., 7 Hum., 107, being subordinate to the equity of the partners, while the partnership is solvent and going on. Having no' lien on such effects, they may, for valuable consideration, be transferred, bona fide, to any person — as well to the other partners, as a stranger — and in such case, the retiring partner who so- transfers his share, has no lien on the property for the discharge of the debts of the firm, for by his Aroluntary transfer thereof, he has parted with it, and trusted to the personal security and contract of the other partners.
The same doctrine in law is laid down by Judge "Wright, in the case of Fain, admr., v. Jones, admr., 3 Head, 309. The same principle is decided in Croone v. Bivens et al., *61 2 Head, 341, following tbe case in Smith v. Edwards et al., 7 Hum.; and further, it is said, "that the fact when lie retired, his co-partner stipulated to pay the debts of the concern and indemnify him, can make no. difference, he having trusted to the personal covenants of his assignee.” In order to'save his personal right to see that the assets shall bo appropriated to the payment of the debts, the retiring partner must retain an interest in, or lien upon, such assets transferred, or a special stipulation that they shall be applied to such payment. Ibid., 2 Head, 341.
Tbe principle, then, is, that on dissolution of a firm by transfer of firm effects to ■ either another partner or a stranger, with stipulation that the party to whom the assets are transferred shall assume and discharge the liabilities of the firm, there is no lien or right on the part of the retiring partner on such effects, and the creditors only having the right to enforce their priorities through the priority of the partners, if the partner has lost; or parted with the right, the creditor has no lien or priority to enforce, but has simply, as he had before, the right to enforce the joint and several liability of all the members of the firm, as a debt against the parties. It would, as a matter of •course, be different in ease of simple dissolution of the firm, to be wound up by one partner, and the assets collected and appropriated to payment of debts. In such case the partners retain their interest in the partnership assets, and 'any •surplus would be divided between them. The firm would simply be in process of liquidation and settlement.
The case before us, however, is evidently a case of transfer of the effects of the firm to L. D. Mitchell, who continued business in his own name, adding to the stock by new purchases, going on for nearly a year with the business before this bill was filed. The precise consideration for the transfer does not appear, but there is nothing in the record to show that it was not bona fide and.free from .all fraud when made. It is certain there is no evidence *62 tliat C. A. Mitchell bad tbe slightest interest, or ever claimed any, in the assets after retirement, he trusting, no doubt, to the stipulation that L. D. Mitchell should assume and discharge the liabilities existing at the time.
This being so, it follows that as the partner had no> lien on the assets, but had parted with his right by the transfer of the assets, the creditors of the firm, as such, from that date, had no lien or priority to enforce. The result is, that on this question the levies made on the drugs must take effect, as between the parties appealing to this court, in the order of their priority in date.
It is insisted, however, that the levy of the People’s Bank, by attachment under this bill, in which the property is specifically described or referred to, takes effect from the date of filing the bill. This is so as against any sale or assignment of the property by the debtor, under sec. 3507 of the Code [Shannon's Code, sec. 5267]. But this principle is confined by the statute to sales or transfers and assignments by such debtor, but does not apply to> a contest between creditors — as to them, they are left as before the statute, and their liens are fixed by the date of their levies.
A decree will be drawn in accordance with this opinion. The costs of this court will be paid one-half by the Peoples’ Bank, balance out of the fund.